IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARY LOUISE RYAN RAY AND CARL E. RYAN, in their capacity as Independent Co-Executors of the Estate of Cornelius O. Ryan, RYAN, SANDERS & GLUTH, L.L.P., | § § § § § § § § § | |
| Plaintiffs, | | |
| v. | § § § | EP-09-CV-00249-KC |
| EL PASO COMMUNITY FOUNDATION, et al., | § § § § | |
| Defendants. | § | |

## ORDER

On this day, the Court sua sponte considered its subject matter jurisdiction in the above-captioned cause. For the reasons set forth herein, the Court finds that subject matter jurisdiction is lacking and hereby **REMANDS** the action to state court pursuant to 28 U.S.C. § 1447(c).

**I.  BACKGROUND**

On June 1, 2009, Plaintiffs Mary Louise Ryan Ray, Carl E. Ryan, and Ryan, Sanders & Gluth, LLP filed their Original Petition for Declaratory Judgment in Statutory Probate Court #1 in El Paso County, Texas. Defs.' Notice of Removal Ex. A ("Pls.' Original Pet.") at 1. In their Petition, Plaintiffs seek a declaratory judgment that certain sums received by Cornelius O. Ryan, Ryan & Sanders, LLP, and Ryan, Sanders & Gluth, LLP from Defendant Burkitt Foundation did not constitute a breach of fiduciary duty. *Id.* at 6, 9. Further, Petitioners seek a declaratory judgment that these certain payments did not "confer an excess benefit upon a disqualified person pursuant to section 4958 of the Internal Revenue Code of 1986." *Id.* at 7, 9. On July 2, 2009, Defendant El Paso Community Foundation ("EPCF") removed the instant case to this

Court based upon the Court's federal question jurisdiction. Notice of Removal 2. Specifically, Defendant EPCF explains that the declaratory judgment petition "seeks a determination regarding a federal statute (Section 4958 of the Internal Revenue Code of 1986)." *Id.* Further, EPCF alleges that the Internal Revenue Service is a necessary party in this case. *Id.* On July 2, 2009, EPCF filed a Motion to Dismiss. On July 13, 2009, Plaintiffs filed a Motion to Remand to State Court. On July 22, 2009, the Burkitt Foundation also filed a Motion to Remand.

## II. DISCUSSION

### A. Standard

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal courts may raise subject matter jurisdiction sua sponte" ).

Federal courts have subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Whether a claim "arises under" federal law is determined by reference to the "well-pleaded complaint." *Id.* at 808. The well-pleaded complaint rule provides that "a federal court has original or removal jurisdiction only if a federal question appears on the face of

the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir.2008) (internal quotation marks omitted).

B.  Analysis

Though Plaintiffs and Defendant Burkitt Foundation have moved to remand this case and Defendant EPCF has moved to dismiss, the parties's arguments have missed the mark.  This Court does not have subject matter jurisdiction over this case because it does not arise under federal law.  For that reason, removal was improper and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

According to the Declaratory Judgment Act, 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . ., any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . . " 28 U.S.C. § 2201.  Thus, federal courts are prohibited from considering declaratory relief in cases involving federal taxes. *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989); *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987) ("By its own terms, the Declaratory Judgment Act does not apply to a controversy, like the instant one, 'with respect to Federal taxes.'").  In fact, a district court lacks jurisdiction to consider such a claim. *Warren*, 874 F.2d at 282.  Plaintiffs, in this case, seek a declaratory judgment that certain payments did not "confer an excess benefit upon a disqualified person pursuant to section 4958 of the Internal Revenue Code of 1986."  Therefore, this is a declaratory judgment action "with respect to Federal taxes" over which the Court does not have jurisdiction.

Furthermore, this Court lacks jurisdiction over Plaintiffs' only other claim, another declaratory judgment action that certain activities and payments to Plaintiffs did not constitute a breach of fiduciaryy duty.  "[I]t is well-settled that [the Declaratory Judgment Act] does not

3

confer subject matter jurisdiction on a federal court where none otherwise exists." *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). Moreover, state law claims alone do not confer federal jurisdiction. *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000). Because Plaintiffs' only other claim is a state law breach of fiduciary duty claim, the Court lacks subject matter jurisdiction over that claim as well. Without a federal question presented in this case, and with no assertion of the existence of diversity jurisdiction, the Court lacks subject matter jurisdiction over this case. According to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Pursuant to § 1447(c), the case is remanded.

## III. CONCLUSION

For the reasons set forth above,.the court is without subject matter jurisdiction, and the case is **REMANDED** to Statutory Probate Court #1 in El Paso County, Texas. All other motions in this case are **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED** on this 4th day of August, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE